600 P.2d 26

**AMFAC ELECTRIC SUPPLY COMPANY, a California Corporation, Appellant,**

v.

**RAINER CONSTRUCTION CO., an Arizona Corporation, and Hartford Accident and Indemnity Company, a Connecticut Corporation, Appellees.**

No. 14439.

Supreme Court of Arizona, En Banc.

Sept. 13, 1979.

Leslie L. Miller, Phoenix, for appellant.

Thomas W. Murphy and Barbara L. Caldwell, Phoenix, for appellees.

HAYS, Justice.

This action was brought by Amfac Electric Supply Company against defendants-appellees Ranier Construction Company, a general contractor, and Hartford Accident and Indemnity Company, its surety, under A.R.S. §§ 34–222 and 34–223 in connection with construction of a public building, Washington High School.

Appellant's claim is for materials allegedly furnished to a subcontractor for use on Washington High School and allegedly not fully paid for by the subcontractor.

After hearing appellant's evidence, the Superior Court granted defendants-appellees' motion to dismiss, from which this appeal was taken. We have jurisdiction pursuant to Arizona Rules of Civil Appellate Procedure, rule 19(e).

We are faced with three questions:

1. Does Rule 41(b) of the Rules of Civil Procedure require a remand for findings of fact?

2. Must the order of dismissal be vacated for alleged reversible error?

3. If the case must be remanded, should this court instruct the trial court to reopen the case for further evidence?

Since we answer the first two questions in the negative, we need not consider the third issue.

## I. IS REMAND NECESSARY UNDER RULE 41(b), RULES OF CIVIL PROCEDURE?

Appellant objected to findings of fact being included in the original judgment of dismissal submitted by appellees. Appellees withdrew that judgment and submitted a judgment without findings of fact, which the trial court signed. Now appellant strenuously argues that findings of fact are mandatory under Rule 41(b). Appellant contends that Rule 52(a) allows omission of findings at the close of the complete case if neither party has requested them prior to trial, but that this case is governed by Rule 41(b) because the motion to dismiss was made at the close of appellant's evidence.

■ We find no support for such reasoning. Rule 52(a) does not provide for a *dismissal procedure*—it merely sets forth how findings of fact are to be given *when they are required*. The pertinent portions of the rule read as follows:

> In all actions tried upon the facts without a jury . . . the court, *if requested before trial*, shall find the facts specially and state separately its conclusions of law

thereon and direct the entry of the appropriate judgment. In granting or refusing preliminary injunctions the court shall similarly set forth the findings of fact and conclusions of law which constitute the grounds of its action. (Emphasis supplied.)

Cases involving preliminary injunctions are the sole exception to the requirement that findings are mandated only if requested *before trial*. The rule nowhere distinguishes between findings made at the close of plaintiff's evidence alone or after all evidence has been presented. Indeed, the purpose of the rule is to specify under what *conditions* the court must make findings of fact, *not at what point in the trial* such findings must be made.

■ Bearing in mind the express language of Rule 52(a), requiring findings only if requested before trial (with the exception of preliminary injunctions), we examine the pertinent portions of Rule 41(b), which governs the procedure for involuntary dismissal:

> After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, . . . may move for a dismissal . . . .. The court as trier of the facts may *then* determine them and render judgment against the plaintiff *or may decline to render any judgment until the close of all the evidence.* If the court renders judgment on the merits against the plaintiff, the court shall make findings *as provided in Rule 52(a)*. (Emphasis supplied.)

It is quite clear that whether the trial court renders judgment at the close of plaintiff's evidence or after all the evidence, findings of fact are to be made in accordance with Rule 52(a). Since Rule 52(a) mandates such findings only if preliminary injunctions are sought or findings have been requested prior to trial—and neither party here made such a request—the trial court was not obligated to state findings and there is no basis for remanding.

Appellant's reliance on *Joseph v. Tibsherany*, 88 Ariz. 205, 354 P.2d 254 (1960), over-

looks the fact that Rule 41(b) at the time that case was decided contained a phrase which is now conspicuous by its absence:

> If the court renders judgment on the merits against the plaintiff at the close of the plaintiff's case, the court shall, *without prior request*, make findings as provided in Rule 52(a). (Emphasis supplied.)

Subsequent changes deleted the crucial phrase "without prior request" before the instant case was tried. Consequently, *Tibsherany, supra,* is no authority for appellant's argument. The other cases cited by appellant are inapposite either because a timely request was made before trial [*Lappin v. Lappin*, 18 Ariz.App. 444, 503 P.2d 402 (1972)] or findings of fact were made [*Klensin v. City of Tucson*, 10 Ariz.App. 399, 459 P.2d 316 (1969)].

We hold, therefore, that under Rule 41(b) findings of fact must be made only if requested before trial or if a preliminary injunction is sought, as specifically stated in Rule 52(a). This is true whether the court renders judgment at the conclusion of plaintiff's evidence or after all the evidence. *See Greenwell v. Spellman*, 110 Ariz. 192, 516 P.2d 328 (1973).

## II. DID THE COURT COMMIT REVERSIBLE ERROR IN REQUIRING APPELLANT TO PROVE THE IDENTITY OF THE TRUE CLAIMANT AND SATISFY APPLICABLE STATUTES?

Appellant styled the original complaint "Amfac Electric Supply Company, a California Corporation," and alleged that said corporation was qualified to do business in Arizona. One day before trial defendants-appellees filed a motion to dismiss, attaching thereto an affidavit from the Corporation Commission attesting that there was no Amfac Electric Supply Company qualified to do business in Arizona and, appellees asserted, there had been no compliance with A.R.S. § 10–124(A). In pertinent part A.R.S. § 10–124(A) states: "No foreign corporation transacting business in this state without authority shall be permitted to maintain any action, suit or

proceeding in any court in this state, . . ." On oral motion, the trial court allowed appellant to amend the caption to read "Amfac Electric Supply Company, a division of Amfac Distribution Corporation, A California Corporation." This amendment was permitted *subject to proof* as to who the actual plaintiff was, the legal status of the true plaintiff, and the nature of the relationship between Amfac Electric Supply Company and Amfac Distribution Corporation.

Appellant's own witnesses continually contradicted themselves and each other as to the legal status of Amfac Electric and the relationship between that entity and Amfac Distribution Corporation. Amfac Electric was variously described as a "division," "corporation," "subsidiary corporation," and a "company." Since appellant failed to clarify the precise legal status of Amfac Electric, appellees renewed their motion to dismiss based on A.R.S. § 10–124(A), which prohibits foreign corporations not qualified to do business in Arizona from maintaining any action in the courts of this state. *National Union Indemnity Co. v. Bruce Bros.*, 44 Ariz. 454, 38 P.2d 648 (1934).

Moreover, appellant shed no light on the nature of the relationship between Amfac Electric and Amfac Distribution Corporation and it was unclear which of the particular entities was pressing the claim. Due to this confusion as to the true claimant, appellees moved to dismiss on the additional ground that A.R.S. § 34–223(C) mandates that suit be brought in the name of the claimant. The specific language of A.R.S. § 34–223(C) states, in part: "Every suit instituted under this section shall be brought in the name of the claimant, . . . ." If Amfac Distribution Corporation was the true claimant, then Amfac Electric had no right to sue under the statute.

Since the motion to amend was granted subject to proof and appellant failed to clarify the legal status of the two entities named, the relationship between them, or which of them was actually pressing the claim, the trial court granted appellees' mo-

tion to dismiss for failure to satisfy the requirements of the applicable statutes.

We find no error and affirm the judgment of the trial court.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.