623 P.2d 15

Mary A. **MANDRAES**, Appellant,

v.

Robert D. **HUNGERFORD**, Jr.; Rose Mofford, Secretary of the State of Arizona; and David J. Nicol, Maricopa County Director of Elections, Appellees.

No. 14981.

Supreme Court of Arizona, In Division.

Jan. 9, 1981.

Samuel P. Goddard, III, David C. Tierney, Patricia J. Finley, Phoenix, for appellant.

Ryley, Carlock & Ralston by Joseph P. Ralston, Charles F. Hyder, County Atty., Maricopa County by John R. Mayfield, Phoenix, Maricopa County Director of Elections, for appellees.

HOLOHAN, Vice Chief Justice.

After a trial to the court, the Superior Court of Maricopa County entered a judgment which directed that the name of the appellant, Mary A. Mandraes, not appear on the official Democratic Primary ballot as a candidate for the office of Maricopa County Recorder. A timely appeal was filed by appellant. Pursuant to A.R.S. § 16–351 this court took jurisdiction, heard the case, and entered an order reversing the judgment of the superior court, noting that a written opinion would follow.

The action challenging the legal sufficiency of the signatures on appellant's nomination petitions was filed by appellee Robert Hungerford, Chairman of the Maricopa County Republican Party. The appellee joined as parties in his petition the appellant, the Secretary of State, and the Maricopa County Director of Elections. After filing his action appellee obtained an Order to Show Cause setting a hearing date on his petition.

On the date of the hearing the action was dismissed as to the Secretary of State. The parties, at the hearing, stipulated to certain facts: that 1412 valid signatures were required on appellant's nominating petitions; that appellant had filed 1436 signatures on her petitions; and that the voter register to be used for the purpose of the hearing would be the voter register prepared by the defendant Nicol and his staff as of July 1, 1980. In addition to the stipulation of facts the trial court heard testimony, considered the matter, and entered judgment finding that 25 signatures on appellant's nominating petitions were invalid and that appellant had failed to file sufficient signatures to qualify to have her name printed on the Democratic Primary Election ballot.

A number of issues were raised on appeal but we have limited our consideration to two questions: whether findings of fact are required and whether the proper party defendants were joined.

The statute, A.R.S. § 16–351, governing challenges to nomination petitions provides that "any court action challenging the nomination petitions" shall be filed within certain specific and rigid time limits. The statute does not further describe the nature of the action or the remedy to be sought. From the lack of specifics, we conclude that the legislature was primarily interested in providing an accelerated hearing and appeal in actions challenging nomination petitions. This conclusion is further fortified when consideration is given to the necessity for prompt action to meet the deadlines for the preparation and printing of the primary ballot in time for absentee voting. *See* A.R.S. § 16–311 and § 16–461.

The time limits provided in A.R.S. § 16–351 do not allow for the normal procedure of filing a complaint and allowing a defendant 20 days after service to file an answer. Rule 12, Arizona Rules of Civil Procedure. The accelerated time schedule does, however, comply with the procedures applicable to an action for a preliminary injunction. *See* Rules 65 and 6(d), Arizona

Rules of Civil Procedure. Granting or refusing to grant a preliminary injunction is an appealable order. A.R.S. § 12–2101(F)(2); *Davies v. Johnson*, 22 Ariz. 63, 193 P. 1019 (1920).

The law in this state for many years has been that the proper method of challenging nomination petitions is an action for injunction. *Hunt v. Superior Court*, 64 Ariz. 325, 170 P.2d 293 (1946). Although appellee denies that his action was one for injunction the procedure followed and the relief sought are all properly part of an action for injunction; further this was the appropriate procedure to be followed.

The procedure followed by appellee was to file a petition and secure an Order to Show Cause requiring appellant to appear for a hearing on the appellee's petition. This procedure is not provided for in A.R.S. § 16–351, but it is appropriate under the Rules of Civil Procedure when a preliminary injunction is sought. *See* Rules 65 and 6(d), Arizona Rules of Civil Procedure. If a preliminary injunction is sustained on appeal the controversy would be resolved for all practical purposes without the necessity of any further hearing because the ballots would be printed without the name of the candidate on them.

After the hearing in this case the trial judge did not make findings of fact and conclusions of law. There is a dispute whether appellant requested findings and conclusions, but it is not necessary to resolve that dispute because findings were required. Rule 52(a) of the Rules of Civil Procedure requires findings only if requested except in preliminary injunctions. The rule requires that the trial court, even if not requested, set forth the findings of fact and conclusions of law which constitute the grounds for granting or refusing a preliminary injunction. *See Amfac Electric Supply Co. v. Rainer Construction Co.*, 123 Ariz. 413, 600 P.2d 26 (1979). It was reversible error for the trial court to fail to make findings of fact and conclusions of law setting forth the grounds for its issuance of the preliminary injunction in this case.

The action brought by appellee originally named the Secretary of State, appellant, and the Maricopa County Director of Elections. The Secretary of State was dismissed as a party because the office being sought was a county office, and the Secretary of State had no responsibility for receiving appellant's nomination petitions or for preparing the county ballot. The remaining party, other than appellant, is a county employee appointed by the board of supervisors to supervise the Elections Department of the county. Was the Director of Elections a proper party to this action?

The statutes of Arizona do not provide for a Director of Elections. It appears that the position is one created by the Maricopa County Board of Supervisors to carry out the functions of the Board in the preparation and conduct of elections.

Although the nomination paper and petitions for a county office are filed with the clerk of the board of supervisors (A.R.S. §§ 16–311 and 16–314), the responsibility for providing ballots, including absentee ballots, rests with the board of supervisors of the county. *See* A.R.S. § 16–405 and § 16–461(D); A.R.S. § 16–425 (voting machine ballots); A.R.S. § 16–442(B) (electronic voting systems). In governmental units other than counties the authority in charge of elections is the governing body of a city or town.

By reason of the statutory responsibilities of the board of supervisors in the preparation of ballots they are an indispensable party to an action challenging the nomination petitions for a county office. The board of supervisors is the agency to be enjoined from printing ballots with a defendant candidate's name on them. To obtain the relief sought in this case, the plaintiff was required to join the board of supervisors.

We find it unnecessary to review the other points raised by appellant. We do note, however, the short time period allotted for actions challenging nomination petitions may not deprive a defendant of his or her opportunity to present their case in

opposition to that of the plaintiff. Due process requires that a party have an opportunity to be heard at a meaningful time and in a meaningful manner. *Huck v. Haralambie*, 122 Ariz. 63, 593 P.2d 286 (1979). The superior court must comply with the time schedule required by A.R.S. § 16–351, but to do so the trial court may not deprive a party of their opportunity to present their evidence.

The judgment of the superior court is reversed.

GORDON and HAIRE, JJ., concur.

*Note:*

Chief Justice STRUCKMEYER did not participate in the determination of this matter. Judge LEVI RAY HAIRE, Judge of the Court of Appeals, Division One, sat in his stead.