728 P.2d 654

**R. Gordon MILLER,
Plaintiff-Appellant, Cross-Appellee,**

v.

**Roy E. McALISTER and Kathleen Ann
McAlister, husband and wife,
Defendants-Appellees, Cross-Appellants.**

**No. 1 CA–CIV 7936.**

Court of Appeals of Arizona,
Division 1, Department B.

April 8, 1986.

Review Denied Dec. 2, 1986.

Minkler & Kirschbaum by Charles E. Cruise, Phoenix, for plaintiff-appellant, cross-appellee.

Roy E. McAlister, in pro. per.

## OPINION

CONTRERAS, Judge.

The threshold and dispositive issue in this appeal is whether a trial judge is obligated to render findings of fact and conclusions of law when properly requested to do so by a party pursuant to Rule 52(a), Arizona Rules of Civil Procedure. We conclude that the trial judge, when requested to do so, must set forth findings of fact and conclusions of law, and on that basis, we reverse the judgment below and remand the case to the trial court with directions to enter findings of fact and conclusions of law, along with a corresponding judgment.

### I. BACKGROUND.

The appellant in this case, R. Gordon Miller, brought a quiet title action against Roy and Kathleen McAlister. Miller owns undeveloped Lot 37 on Red Rock Drive in Phoenix, Arizona. The McAlisters own adjoining Lot 36 and live in a house built on that property. The McAlisters filed a counterclaim against Miller to quiet title to a portion of Lot 37, identified as "Parcel A," which they claimed they had acquired by adverse possession.

The disputed Parcel A is mountainside property situated on Lot 37 in the path of a mountainside wash. The parcel borders Lot 36 and contains an area that was used since approximately 1961 as a footpath from Red Rock Drive across Lot 37 to Lot 36. In 1964, this access area was apparently destroyed, if only temporarily, by appellant Miller, using a bulldozer. Shortly thereafter, the owner of Lot 36, Geraldine Roy, commenced a civil action seeking injunctive relief against Miller. That action was dismissed without prejudice for lack of prosecution in 1967, following Geraldine Roy's death.

The McAlisters purchased and moved into the house on Lot 36 in 1968. In 1969 and 1970, they constructed a larger driveway area over part of the parcel. Apparently, intermittent but ongoing flood repair

and prevention work was performed by McAlister on parts of Parcel A and Lot 37. In 1971, Miller improved the area with the construction of a concrete driveway and retaining wall on Lot 37. An open space in the retaining wall, the planning and location of which is disputed, provides access from the street and driveway to McAlister's property.

This quiet title/adverse possession action was tried to the court on March 8, 9 and 12, 1984. Formal judgment was entered on June 12, 1984. The judgment awarded McAlisters a portion of the disputed Parcel A south of the south edge of the concrete driveway and retaining wall. The judgment quieted title in appellant Miller for the remainder of Lot 37, including "that portion to the north of and including the south edge of the concrete driveway and retaining wall presently on Lot 37...." Additionally, the judgment granted a prescriptive appurtenant easement for Lot 36 over so much of Lot 37 "as is necessary to allow continuation of the present routes of ingress and egress to Lot 36...." Finally, appellees were awarded a portion of their requested attorney's fees pursuant to A.R.S. § 12–1103.

The following issues are raised by appellant on appeal:

1. Whether the trial court erred by failing to state findings of fact and conclusions of law despite timely request to do so by appellees.

2. Whether appellees met their burden of proving compliance with the requirements for adverse possession in A.R.S. §§ 12–521 and 12–526.

3. Whether appellees complied with the requirements of A.R.S. § 12–1103 entitling them to an award of attorney's fees.

Appellees present additional issues in their cross-appeal, seeking further remedies, a greater portion of the disputed parcel, and a full award of attorney's fees.

We conclude that the present appeal must be resolved on the first issue since the record discloses that a timely written request for findings of fact and conclusions of law was made to the trial court.

## II.  LEGAL DISCUSSION AND DISPOSITION.

Rule 52, Arizona Rules of Civil Procedure, is entitled "Findings by the court" and provides, in part (a): "In all actions tried upon the facts without a jury or with an advisory jury, the court, if requested before trial, *shall* find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment." (Emphasis added.)

On August 3, 1983, McAlisters filed a document entitled "Facts and Applicable Law and Counterclaimants Request for Findings of Fact and Conclusions of Law." At the time McAlisters filed this request, trial was scheduled to commence the following month. No response or counterproposal was filed by appellant.

Following trial, the judge entertained various post-trial matters, including appellant's concern with the court's failure to issue findings and conclusions. The court's minute entry of May 2, 1984, explained that:

> Plaintiff has complained that "no findings of fact were made as required pursuant to Rule 52(a), Arizona Rules of Civil Procedure, notwithstanding timely demand was made before". The Court has searched the file and finds no Rule 52(a) demand, timely or untimely. Nor does the Court recall any being made before, during or after the trial. The Court therefore perceives no Rule 52(a) violation.

Appellant has argued, in its Objection to Defendant's Form of Judgment and on appeal, that the trial judge's failure to comply with Rule 52(a) requires reversal of the judgment. Prior to filing briefs in this appeal, appellant filed a special action with the Supreme Court of Arizona seeking an order requiring the trial court to set forth its findings of fact and conclusions of law pursuant to Rule 52(a). The supreme court declined to accept jurisdiction "without prejudice to the matter being submitted to

the Court of Appeals." We now consider this matter.

▆ In Arizona, Rule 52(a) is a mandatory provision. *Keystone Copper Mining Co. v. Miller,* 63 Ariz. 544, 164 P.2d 603 (1945); *see also Schwartz v. Schwartz,* 52 Ariz. 105, 79 P.2d 501 (1938). The trial court *must* make findings of fact (1) if a party requests findings, or (2) if the remedy sought is a preliminary injunction. *Amfac Electric Supply Co. v. Rainer Construction Co.,* 123 Ariz. 413, 600 P.2d 26 (1979).[1]

▆ The requirement of Rule 52 is clear; the proper remedy for the failure to comply must be tailored to the particular case. The proper remedy may be to remand the case for factfinding (*see, e.g., Kazal v. Kazal,* 98 Ariz. 173, 402 P.2d 1001 (1965)), particularly when the purposes for a factfinding have been frustrated.

> The making of findings of fact and conclusions of law is for the protection of both court and parties. The purpose of such findings and conclusions is to dispose of the issues raised by the pleadings, facilitate a review of the cause if there is an appeal by exhibiting the exact grounds on which the judgment rests, and to enable the appellate court to determine whether the judgment appealed from is supported by sufficient facts.

89 C.J.S. *Trial* § 609(b) (1955). *See also City of Phoenix v. Consolidated Water Co.,* 101 Ariz. 43, 415 P.2d 866 (1966); *Ellingson v. Fuller,* 20 Ariz.App. 456, 513 P.2d 1339 (1973).

Following review of the record in the immediate case, this court is unable to determine the exact grounds on which judgment rests. Findings and conclusions are particularly valuable on review in a case such as this where the facts are hotly disputed and complex, and where the applicable law requires, as it does of adverse possession, proof of several elements.

Proper review of this case is further complicated because the claim of the adverse possessor must be proven by clear and positive evidence, which is analogous to the rigorous "clear and convincing" standard of proof. *See Whittemore v. Amator,* 148 Ariz. 200, 204, 713 P.2d 1258, 1262 (Ariz. App.1985), *vacated,* 148 Ariz. 173, 713 P.2d 1231 (1986); *Lewis v. Farrah,* 65 Ariz. 320, 323, 180 P.2d 578, 580 (1947). The need for findings and conclusions in this case is, however, secondary to our holding that findings of fact and conclusions of law must be made by the court pursuant to Rule 52(a) when they have been properly requested by a party. This is a procedural right which, when properly invoked, must be observed and fulfilled by the trial court.

We adopt the approach used by the supreme court in *Fritts v. Ericson,* 87 Ariz. 227, 349 P.2d 1107 (1960), and outline directions for the court on remand, reminding the trial court that it is free to formulate its findings and conclusions on the basis of the existing record and transcripts, or it may conduct further hearings or direct counsel to submit proposed findings and conclusions with accompanying legal memoranda and oral argument, if necessary.

The following points should be addressed by the trial court on remand, at a minimum:

1. Does the evidence support a finding that each of the elements of adverse possession in A.R.S. § 12–521(A)(1) were proven by the appellees claiming title by adverse possession? In particular, how was it established that appellees' use of Lot 37, Parcel A, was adverse to appellant's rights in view of the conflicting evidence and appellant's contention that the use was permissive?

2. Was the continuous statutory period of time for adverse possession (10 years) required by A.R.S. § 12–526, satis-

---

1. The fact that McAlister, and not the appellant Miller, submitted the written request to the trial court for findings of fact and conclusions of law has no bearing on the duty of the court to comply with the request. Rule 52(a) requires the trial court to render findings and conclusions once a request has been made, regardless of which party makes the request. There was no need for Miller to submit a separate request in order for the court's duty to arise.

fied by appellees, and if so, for what 10–year period?

3. Were the statutory requirements of A.R.S. §§ 12–521 and 12–526 satisfied for *each* part of Parcel A or Lot 37 awarded to appellees, *and* for the prescriptive easement over the concrete driveway?

4. What role does the credibility of witnesses or equitable considerations play in the trial court's decision?

The judgment is reversed and remanded with directions as outlined above.

JACOBSON, P.J., and CORCORAN, J., concur.