798 P.2d 1298

**Madelene VAN ARSDELL, a qualified elector of the State of Arizona, Plaintiff/Appellee,**

**v.**

**Jim SHUMWAY, in his official capacity as Secretary of State of the State of Arizona, and the Boards of Supervisors of Maricopa County, Pinal County, Pima County, Cochise County, Coconino County, Gila County, Mohave County, Yavapai County and the individual members thereof in their official capacities, Defendants/Appellees,**

**Mike L. McCORMICK, an individual residing within the State of Arizona, Real Party in Interest/Appellant.**

**No. CV–90–0265–AP.**

Supreme Court of Arizona, En Banc.

Sept. 18, 1990.

Reconsideration Denied Oct. 26, 1990.

Ortega & Moreno, P.C. by Daniel R. Ortega, Phoenix, for plaintiff/appellee.

Robert K. Corbin, Atty. Gen. by John B. Shadegg, Chief Asst. Atty. Gen., Lisa T. Hauser, Asst. Atty. Gen., Phoenix, for Jim Shumway, defendant/appellee.

Mike L. McCormick, Phoenix, in pro. per.

## OPINION

WILLIAM E. EUBANK, Court of Appeals Judge.

Must a challenger of the nomination petitions of a candidate for statewide office in a primary election join the 15 county boards of supervisors in an action filed pursuant to A.R.S. § 16–351? We answer this question in the negative and affirm the judgment of the trial court. We hold that joining the Secretary of State is sufficient where the primary election involves "a state office, including a member of the legislature, or ... any other office for which the electors of the entire state or a subdivision of the state greater than a county are entitled to vote." *See* A.R.S. § 16–311(E).

Mike McCormick, appellant, filed his nomination petitions for the 1990 Democratic primary election as a candidate for the state office of Superintendent of Public Instruction. Madelene Van Arsdell, appellee, timely challenged the number of signatures contained in Mr. McCormick's petitions. Following a hearing, the trial court found that the petitions contained insufficient valid signatures and ordered that Mr. McCormick's name not appear on the ballot for the primary election. At the hearing, Mr. McCormick moved to dismiss the complaint because appellee Van Arsdell had failed to join indispensable parties. The parties not joined were the Boards of Supervisors of Apache, Graham, Greenlee, La Paz, Navajo, Santa Cruz and Yuma Counties. The remaining Arizona counties were joined, along with Secretary of State Jim Shumway. The trial court denied the motion to dismiss, and Mr. McCormick filed his notice of appeal solely on the joinder issue. We have appellate jurisdiction pursuant to Ariz. Const. art. VI, § 5(6), and A.R.S. § 16–351(A).

Following an accelerated oral argument on July 23, 1990, we took this appeal under advisement. The next day, by order, we affirmed the judgment of the trial court with our opinion to follow. This is that opinion.

On appeal, Mr. McCormick does not contest the finding that his nomination petitions contain insufficient valid signatures. Rather, he contends that the trial judge should have granted his motion to dismiss the challenge because the challenger failed

to join indispensable parties, i.e., the 7 county boards of supervisors named above. He bases this contention on our decision in *Mandraes v. Hungerford,* 127 Ariz. 585, 623 P.2d 15 (1981). In *Mandraes,* we held that the challenger's failure to join the Maricopa County Board of Supervisors precluded relief in an action to enjoin a candidate for the county office of Maricopa County Recorder from the primary election ballot. *Id.* at 587, 623 P.2d at 17. The court said:

The statutes of Arizona do not provide for a Director of Elections. It appears that the position is one created by the Maricopa County Board of Supervisors to carry out the functions of the Board in the preparation and conduct of elections.

Although the nomination paper and petitions for a county office are filed with the clerk of the board of supervisors (A.R.S. §§ 16–311 and 16–314), the responsibility for providing ballots, including absentee ballots, rests with the board of supervisors of the county. *See* A.R.S. § 16–405 and § 16–461(D); A.R.S. § 16–425 (voting machine ballots); A.R.S. § 16–442(B) (electronic voting systems). In governmental units other than counties the authority in charge of elections is the governing body of a city or town.

*By reason of the statutory responsibilities of the board of supervisors in the preparation of ballots they are an indispensable party to an action challenging the nomination petitions for a county office.* The board of supervisors is the agency to be enjoined from printing ballots with a defendant candidate's name on them. To obtain the relief sought in this case, the plaintiff was required to join the board of supervisors.

*Id.* (Emphasis added.)

Thus, the issue before us is whether the rule in *Mandraes,* involving a county office, controls a challenge to nomination petitions in a primary election involving a state office.

### ANALYSIS

The Office of Superintendent of Public Instruction is a state office. Ariz. Const.

art. V, § 1. Article VII, § 10, of the Arizona Constitution states:

The Legislature shall enact a direct primary election law, which shall provide for the nomination of candidates for all elective State, county, and city offices, including candidates for United States Senator and for Representative in Congress.

In compliance with the constitution, the Legislature enacted the direct primary law. *See* A.R.S. §§ 16–201 to 203, 16–401.

■ Primary elections and election contests "are purely statutory and dependent upon statutory provisions for their conduct." *Donaghey v. Attorney General,* 120 Ariz. 93, 95, 584 P.2d 557, 559 (1978). Our part is to ascertain the legislature's intent as expressed in their direct primary enactments. *Collins v. Stockwell,* 137 Ariz. 416, 420, 671 P.2d 394, 398 (1983).

A.R.S. § 16–401(A) provides:

A primary election shall be held, the voters shall vote therein, the method of voting shall be followed, the votes shall be counted and canvassed, the returns shall be made, all in the same manner as provided for a general election and shall otherwise conform to the laws governing general elections except as otherwise specifically provided. All provisions or other laws governing elections not in conflict and including registrations and qualifications of voters are made applicable to and shall govern primary elections.

A.R.S. § 16–311(A) requires a person desiring to become a candidate at a primary election to file a "nomination paper" setting forth his or her basic background information and intention to be a candidate. Subsection (E) requires a candidate for *state* office to file the nomination paper with the *Secretary of State,* while subsection (F) requires a candidate for *county* office to file the nomination paper with the clerk of the *board of supervisors.* These subsections read:

E. The nomination paper of a candidate for the office of presidential elector, United States senator, representative in

Congress or for a state office, including a member of the legislature, or for any other office for which the electors of the entire state or a subdivision of the state greater than a county are entitled to vote, shall be filed with the secretary of state no later than five o'clock p.m. on the last date for filing.

F. The nomination paper of a candidate for superior court judge or for a county, district and precinct office for which the electors of a county or a subdivision of a county other than an incorporated city or town are entitled to vote shall be filed with the clerk of the board of supervisors no later than five o'clock p.m. on the last date for filing. The nomination paper of a candidate for a city or town office shall be filed with the city or town clerk no later than five o'clock p.m. on the last date for filing. The nomination paper of a candidate for school district office shall be filed with the county school superintendent no later than five o'clock p.m. on the last date for filing.

A.R.S. § 16–314 establishes the form for the nomination petition and requires that petitions be filed along with the nomination paper and with the same officer as provided by A.R.S. § 16–311, i.e., the Secretary of State for state office and with the clerk of the county board of supervisors for county office. Following the printing of the primary ballot, the appointment of primary election officials, the actual primary election, and the tally of the vote, A.R.S. § 16–622 provides for the "official canvass" and certification of the canvass by the board of supervisors. A.R.S. § 16–623 then provides:

In those counties lying within a legislative district or a congressional district made up of areas in more than one county, the board of supervisors of each such county shall file a copy, or reasonable facsimile, of the abstract of vote with the secretary of state within forty-eight hours after the closing of the polls.

A.R.S. § 16–645(B) then requires that the Secretary of State canvass the primary returns for state officers or officers representing areas larger than a county or multicounty districts and issue the successfully elected persons certificates of nomination. Subsection (B) reads:

The board of supervisors shall deliver the canvass to the secretary of state within ten days after the primary election, and the secretary of state shall on or before the second Monday following the primary election canvass the return and issue the certification of nomination as provided in this section to the nominees who filed nominating petitions and papers with the secretary of state pursuant to § 16–311, subsection B.

This certificate of nomination permits the candidate's name to appear on the general election ballot, if not enjoined.

Any elector may challenge nomination petitions prior to the primary election. A.R.S. § 16–351 provides:

A. Any elector filing any court action challenging the nomination petitions provided for in this chapter shall do so within five days, excluding Saturday, Sunday and legal holidays, after the last day for filing nomination papers and petitions. Within ten days after the filing of the action, the superior court shall hear and render a decision on the matter. Such decision shall be appealable only to the supreme court and notice of appeal shall be filed within five days after the decision of the superior court in the action. The supreme court shall hear and render a decision on the appeal promptly.

B. *For the purposes of an action challenging nomination petitions, each person filing a nomination petition under this chapter appoints the officer with whom he files his nomination paper and petitions as his agent to receive service of process. Immediately upon receipt of process served upon the officer as agent for a person filing a nomination petition, the officer shall mail the process to the person.*

C. Notwithstanding the system used pursuant to § 16–163, subsection C, the most current version of the general county register at the time of filing of a court action challenging a nomination petition shall constitute the official record to be

used to determine on a prima facie basis by the challenger that the signer of a petition was not registered to vote at the address given on the date of signing of the petition.

(Emphasis added.)

■ The foregoing statutes clearly express legislative intent to create two levels of candidates for the direct primary election. One is for county, district and precinct office, and the other is for state office or "any other office for which the electors of the entire state or a subdivision of the state greater than a county are entitled to vote...." A.R.S. § 16–311(E) and (F).

Mr. McCormick filed a motion to dismiss this action both in the trial court and this court relying solely on our opinion in *Mandraes*. Ms. Mandraes was a primary candidate for the office of Maricopa County Recorder. Our holding in *Mandraes* stated that the Maricopa County Board of Supervisors was an indispensable party to an A.R.S. § 16–351 challenge contest. This conclusion is fully supported by the above cited statutes. We acknowledge that *Mandraes* emphasized ballot preparation as the basis for our opinion involving a county office. We do not dispute that important function now. However, responsibility for printing ballots is not controlling here. As stated above, the legislature intended a different result where "a state office, including a member of the legislature, or ... any other office for which the electors of the entire state or a subdivision of the state greater than a county are entitled to vote." A.R.S. § 16–311(E). In such a circumstance, the Secretary of State and not the board of supervisors directs the election process.

■ Finally, in this case, the complaint named a state officer, the Secretary of State, who can be enjoined by the courts if necessary. The Secretary of State is charged with the duty of issuing certificates of nomination following the primary to the nominees "who filed nominating petitions and papers with the secretary of state pursuant to § 16–311, subsection B." A.R.S. § 16–645(B). Because the Secretary of State has direct statutory involvement in a primary election contest for a statewide office from the filing of nominating petitions to the canvassing of votes and the issuing of certificates of nomination, joining him as a party defendant is sufficient joinder for A.R.S. § 16–351 purposes. In such circumstances, it is not necessary to join the boards of supervisors as parties.

## CONCLUSION

The trial court properly denied Mr. McCormick's motion to dismiss. We hold that the challenge of the sufficiency of nominating petitions in an action brought pursuant to A.R.S. § 16–351, where the office sought by the candidate is "a state office, including a member of the legislature, or ... any other office for which the electors of the entire state or a subdivision of the state greater than a county are entitled to vote," the joinder of the Secretary of State is sufficient to vest the superior court with jurisdiction to determine the challenge. Thus, the trial court properly denied Mr. McCormick's motion to dismiss.

Affirmed.

CAMERON, MOELLER and CORCORAN, JJ., and MELVYN T. SHELLEY, Court of Appeals Judge, concur.

NOTE: Chief Justice Frank X. Gordon, Jr., and Vice Chief Justice Stanley G. Feldman did not participate in the determination of this matter. Honorable William E. Eubank and Honorable Melvyn T. Shelley, Judges of the Court of Appeals, Division One, were assigned to sit in their stead, pursuant to Ariz. Const. art. VI, § 3.