858 P.2d 321

**DREXEL HEIGHTS FIRE DISTRICT,**
Plaintiff/Appellant,

v.

The **CITY OF TUCSON,**
Defendant/Appellee.

**No. 2 CA–CV 93–0013.**

Court of Appeals of Arizona,
Division 2, Department B.

Aug. 17, 1993.

Daniel J. Hochuli & Associates by Daniel J. Hochuli, Tucson, for plaintiff, appellant.

Frederick S. Dean, Tucson City Atty. by Tobin Rosen, Tucson, for defendant, appellee.

**OPINION**

DRUKE, Chief Judge.

The Drexel Heights Fire District (DHFD) sought to enjoin the City of Tucson from operating the Tucson Water/Central Arizona Water Treatment Plant because it did not meet the requirements of DHFD's fire code. The injunction was denied and DHFD appeals. We have jurisdiction pursuant to A.R.S. § 12–2101(F)(2). *See Mandraes v. Hungerford,* 127 Ariz. 585, 623 P.2d 15 (1981).

The plant in issue is located within DHFD and within Pima County, Arizona. It was not only built in conformity with the city's fire code, but under an intergovernmental agreement with Pima County,[1] it was also built in conformity with the county's fire code and pursuant to construction plans approved by the state fire marshal.

In support of the injunction, DHFD nevertheless contended that the plant was subject to further inspection and approval by its officials before becoming operational. DHFD based its contention on A.R.S. § 41–2166, which authorizes a fire district such as DHFD to adopt a fire code equal to or more stringent than the state fire code.[2] DHFD argued that this statutory authority to enact its own code impliedly gave DHFD the jurisdiction to enforce it. The trial court denied the injunction based on A.R.S. § 34–461. We affirm.

A.R.S. § 34–461 states in pertinent part:

A. Public buildings shall be designed or constructed according to the state fire code adopted by the state fire marshal and applicable building, plumbing, electrical, fire prevention and mechanical codes adopted by the city or town in which the building is located or, if in an

---

1. *See* City of Tucson Resolution No. 12890 (October 1, 1984); Pima County Resolution No. 1984–259 (October 16, 1984).

2. The record indicates that the district's fire code is no more stringent than the codes applied at the time the plant was designed and constructed.

unincorporated area, by the county in which the building is located in the same manner as any other building.... Public buildings are subject to inspection during construction pursuant to such codes to determine compliance.

The trial court found that this statute "clearly and unequivocally establishes that public buildings [in unincorporated areas] must be designed and built in accordance with applicable state and county fire codes." It reasoned that

[h]ad the legislature wanted to grant inspection and approval powers to fire districts such as [DHFD], it could have indicated in the governing legislation that such districts would have the right to inspect and otherwise utilize their own fire codes in the design and construction of public buildings.

We agree. Such inspection and approval powers are noticeably absent from A.R.S. § 34–461. Moreover, unlike § 41–2166, § 34–461 specifically addresses fire codes for *public buildings* and was adopted more recently. As the more recent, specific statute on the subject, § 34–461 controls. *Pima County v. Heinfeld*, 134 Ariz. 133, 654 P.2d 281 (1982). This is not to say, however, that DHFD lacks fire inspection powers for other buildings within the district. Section 34–461 only deals with public buildings, which subsection E defines as those "built in whole or in part with public monies." Section 34–461 is thus inapplicable to non-public buildings and § 41–2166 applies. *Desert Waters, Inc. v. Superior Court In and For Pima County*, 91 Ariz. 163, 370 P.2d 652 (1962) (general statute remains applicable to all matters not dealt with in specific statute).

Accordingly, we hold that in adopting A.R.S. § 34–461, the legislature specifically recognized public buildings as a separate class of structures for regulatory purposes and, thus, the trial court correctly denied the injunctive relief sought by DHFD.

ESPINOSA, P.J., and HATHAWAY, J., concur.