NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

# IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

KAREN BENNETT, *Petitioner/Appellant*,

*v.*

DEMORRIS F. DAVIS, *Respondent/Appellee*.

No. 1 CA-CV 20-0053 FC

FILED 12-15-2020

Appeal from the Superior Court in Maricopa County
No. FC2019-007835
The Honorable Rodrick J. Coffey, Judge

**AFFIRMED**

COUNSEL

Zolman Law, Mesa
By Alexander Zolfaghari
*Counsel for Petitioner/Appellant*

Lewis Labadie, Tempe
By Daniel A. Lewis, Brittany M. Labadie
*Counsel for Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Chief Judge Peter B. Swann joined.

---

**W I N T H R O P**, Judge:

**¶1**　　　　Karen Bennett ("Mother") appeals the dismissal of her second order of protection against Demorris F. Davis ("Father"). Mother agues the superior court (1) erred in concluding that res judicata applied to her second order of protection and (2) "discriminated" against her. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY[1]

**¶2**　　　　The parties were married and have one child in common ("the child"). Mother also has a second, older child.

**¶3**　　　　In August 2018, Mother learned that Father was having an affair with H.H. Mother informed Father that she wanted a divorce, and in February 2019, Mother filed a petition for a decree of dissolution.

**¶4**　　　　On April 8, 2019, Mother obtained an ex parte order of protection against Father for both herself and the parties' child. *See* Ariz.

---

[1]　　The record provided in this appeal is extremely sparse and, inexplicably, it does not include a copy of the parties' consent decree or the exhibits admitted into evidence at the October 28, 2019 evidentiary hearing. Although not requested by either party, we take judicial notice of the record in 1 CA-CV 19-0803 FC, Mother's initial appeal that was dismissed by this court. *See* Ariz. R. Evid. 201; *Muscat v. Creative Innervisions LLC*, 244 Ariz. 194, 196, ¶ 5 n.2 (App. 2017) (taking judicial notice of a superior court sentencing minute entry where the facts were not the subject of reasonable dispute). Additionally, we agree with Father that Mother's opening brief "is replete with allegations that are not supported by the record and do not even cite to the record" as required. *See* ARCAP 13(a)(5), (7). Nonetheless, we decline to summarily reject Mother's appeal on this basis. *See Clemens v. Clark*, 101 Ariz. 413, 414 (1966); *Lederman v. Phelps Dodge Corp.*, 19 Ariz. App. 107, 108 (1973).

Rev. Stat. ("A.R.S.") § 13-3602. In her petition, Mother alleged Father had threatened and/or committed acts of domestic violence against her on several occasions, including September 22 and December 10, 2018, and on February 11, 2019. Mother claimed the September 22 incident occurred when she told Father she wanted a divorce. According to Mother, Father then threatened her with a gun, and he later committed other threatening and abusive acts toward her. Mother decided not to serve the order of protection at the time, however, and did not inform Father of its existence; instead, she continued to interact with Father.

¶5 On May 7, 2019, the parties were divorced pursuant to a consent decree. In the decree, the parties agreed domestic violence had occurred during their relationship, but it had not been significant, and any issues with regard to it had been resolved. The parties further agreed—and the decree confirmed—there was no reason why they should not share joint legal decision making, which they agreed was in the best interest of their child. In furtherance of that agreement, the decree incorporated a Joint Legal Decision-Making Agreement/Parenting Plan that provided for both parents to exercise parenting time.

¶6 After the parties' divorce, Father began exercising unsupervised parenting time. In June 2019, while the parties' child was staying with Father, Father inquired about a medical concern, and he eventually requested medical records from Mother. Mother then began interfering with and eventually denying Father's parenting time. After learning the child had excessive absences from school during what was supposed to be his parenting time, Father wrote Mother a letter requesting the parties engage in "co-parenting." On July 17, 2019, Mother served the April 2019 order of protection on Father when he attempted to pick up the child for his parenting time. Father filed a police report and a motion to enforce the parenting time the parties had previously agreed to in the consent decree.

¶7 A hearing on the April 2019 order of protection was held on September 6, 2019, in front of Commissioner Susan White, who dismissed the order of protection in its entirety.

¶8 Four days later—on September 10, 2019—Mother obtained a second ex parte order of protection on behalf of herself and the children, making fundamentally the same allegations as she made in the first order of protection, including alleging Father had committed acts of domestic

violence against her on September 22 and December 10, 2018, and on March 23, 2019.[2]

**¶9**　　　　After service, Father moved to dismiss the second order of protection based on res judicata, or claim preclusion, arguing that Mother had alleged the exact same claims in her first order of protection (with the exception of changing the date of the third alleged occasion from February 11 to March 23, 2019), and a court had already determined the allegations did not support the issuance of an order of protection after a hearing on the merits.

**¶10**　　　　On October 28, 2019, the superior court held a one-hour evidentiary hearing on the second order of protection and Father's motion to enforce the parenting plan. Mother began by testifying about the alleged September 2018 incident. Father's counsel objected that the testimony had already been provided in the previous order of protection hearing and should not be considered again. The court expressed its concern that the allegations in the second petition for an order of protection were "similar, if not the same" as those in the first petition, and questioned whether "we have a res judicata issue." The court further questioned whether Mother's remedy might rest in an appeal rather than in attempting "to re-litigate the same issue" indefinitely.

**¶11**　　　　Mother's counsel responded by arguing the court should uphold the second order of protection because "[Father] is a bad guy," and "if anything happens, that blood is on your hands." The court attempted to explain to Mother and her counsel that orders of protection do not prevent persons from committing a violent act; instead, "[a]n order of protection just creates consequences if someone violates that order of protection." Mother's counsel then argued that an order of protection could be filed multiple times against the same defendant, as long as some new allegation was added each time.

**¶12**　　　　The court allowed Mother to proceed, and she continued her testimony, contending generally that, during their marriage, Father had threatened or been abusive toward her. On cross-examination, Mother

---

[2]　　　Mother admitted at the subsequent evidentiary hearing that, other than the date alleged, the March 23, 2019 allegation was the same allegation she made but attributed to February 11, 2019, in the first petition.

agreed the allegations in her second petition for an order of protection arose out of the same facts and were in fact the same as those in her first petition.[3]

¶13　　　　Father testified, conceding the parties "had some heated arguments in the past," but denying that either party had been physically violent or that he had made any threats or caused any physical harm to Mother.　He also denied ever hitting or harming his son and stated the last time he had seen his son was July 11, 2019.

¶14　　　　As cross-examination of Father began, the court reminded Mother's counsel that he had used up almost all his allotted time and had only approximately twenty seconds left for cross-examination.　Mother's counsel argued the one hour allotted for the hearing was "not enough time," and inappropriately contended the court had been "outrageous" in using time to discuss the res judicata issue.[4]　The court then allowed Mother's counsel to ask numerous questions of Father.

¶15　　　　As part of the questioning, Mother's counsel asked Father whether he faced arraignment for charges stemming from threatening and/or assaulting Mother, and when Father affirmed that was "correct," counsel accused Father of lying under oath "because you said you never threatened anybody."　Counsel then moved for Father "to be arrested for

---

[3]　　Mother also elicited testimony from H.H., who provided little, if any, relevant testimony.

[4]　　Although not raised as a separate issue on appeal, Mother notes that she was only allotted thirty minutes to present her case, a portion of which was taken up by the res judicata issue, and she argues she was not afforded the opportunity to be fully heard because she "was not able to call all of her witnesses, some of whom flew in from other states."　Mother did not make this specific argument before the superior court, and although she did include the two witnesses to whom she apparently refers in her pretrial "List of Witnesses and Exhibits" and her pretrial statement, she makes no offer of proof as to exactly what testimony each of these witnesses was expected to provide.　Moreover, Father was allotted the same amount of time as Mother, the court subtracted roughly equal time from each side's presentation to discuss the res judicata issue, and when the court initially explained its re-allocation of time, Mother responded, "Okay."　Mother was provided more than adequate procedural due process, and was able to submit evidence and examine witnesses, and the record simply demonstrates that Father used his allotted time more efficiently than Mother.

perjury . . . [b]ecause he just lied under oath." The court reminded counsel that "just because someone's been charged with a crime doesn't mean that they actually did it," but Mother's counsel continued to argue the court was required to presume Father's guilt because "it's very likely true." After further discussion, the court denied the motion, while noting that "our system [of justice] is you're innocent until proven guilty. And the standard to prove someone guilty is by -- beyond a reasonable doubt. So you're completely incorrect."

¶16        After taking the matter under advisement, the superior court dismissed the second petition for order of protection.[5] The court stated it had considered all of the evidence presented at the hearing, evaluated the credibility of the witnesses, and concluded (1) the order of protection was barred by res judicata and (2) Mother had failed to meet her burden of proof:

> During the October 28, 2019 trial, [Mother] admitted that the allegations in both of her petitions for orders of protection were based upon exactly the same events. The Court has also reviewed the video recording of the September 6, 2019 hearing and concludes that the allegations at issue during that hearing and the October 28, 2019 hearing were the same.
>
> . . . .
>
> The Court finds that [Mother's] second Order of Protection is barred by *res judicata*. After a trial on the merits, [Mother's] first Order of Protection was dismissed on September 6, 2019. She was therefore legally barred from relitigating the same allegations in a second Order of Protection. And, even if she was not barred by *res judicata*, the Court finds that [Mother] failed to meet her burden of proof on her second Order of Protection.

---

[5]        The court's order did not address Father's motion to enforce the parenting plan. As a general rule, a superior court's orders regarding an order of protection "cannot contain provisions regarding legal decision-making or parenting time issues." Ariz. R. Prot. Order P. 35(a). Those issues should be addressed separately under A.R.S. Title 25. *Id.* In this case, a separate minute entry with orders regarding Father's motion to enforce the parenting plan was filed on November 14, 2019.

**¶17**      We have jurisdiction over Mother's timely appeal. *See* A.R.S. § 12-2101(A)(1), (5)(b); Ariz. R. Prot. Order P. 42(a)(2), (b)(2); *Mahar v. Acuna*, 230 Ariz. 530, 533-34, ¶¶ 11-12 (App. 2012).

## ANALYSIS

### I.      *Mother's Argument Concerning Res Judicata*

**¶18**      Mother argues the superior court erred in dismissing her second order of protection on the basis that it was precluded by res judicata. She maintains that Rules 10 and 19, Ariz. R. Prot. Order P., provide that a person can obtain more than one order of protection and that dismissals of prior protective orders cannot be considered when evaluating a new protective order. Mother also argues that "A.R.S. § 25-403 imposes a rebuttable presumption that it is not in a child's best interests to award custody to a parent who has committed an act of domestic violence against the other parent."[6]

**¶19**      We review the superior court's dismissal of an order of protection for an abuse of discretion. *See Cardoso v. Soldo*, 230 Ariz. 614, 619, ¶ 16 (App. 2012); *cf. LaFaro v. Cahill*, 203 Ariz. 482, 485, ¶ 10 (App. 2002) (stating that this court reviews an injunction against harassment for an abuse of discretion). The superior court abuses its discretion "when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *Mahar*, 230 Ariz. at 534, ¶ 14 (citations omitted). We review *de novo* constitutional and purely legal issues. *State v Moody*, 208 Ariz. 424, 445, ¶ 62 (2004).

**¶20**      Even if we assume *arguendo* that Mother is correct that res judicata may not apply to orders of protection, Mother has at most demonstrated harmless error. That is because, as Father argues, and we agree, Mother's argument in her opening brief fails to address in any respect the superior court's second—and independent—reason for

---

[6]      This argument is a *non sequitur*. The court's order dismissing Mother's second order of protection did not implicate A.R.S. § 25-403 because it did not address the establishment or modification of legal decision making or parenting time, and Mother did not appeal the superior court's subsequent separate orders regarding Father's motion to enforce the parenting plan. Moreover, the argument presupposes Mother proved her allegations against Father, despite the superior court's explicit findings to the contrary.

dismissing her order of protection—that she "failed to meet her burden of proof on her second Order of Protection." "We may affirm on any basis supported by the record." *State v. Robinson*, 153 Ariz. 191, 199 (1987) (citation omitted). Here, the superior court heard the witnesses and fully considered the evidence presented.[7] As the trier of fact, that court was in the best position to evaluate the credibility of the parties and their witnesses, and we will not substitute our view concerning such credibility determinations. *See, e.g.*, *McClung v. Bennett*, 225 Ariz. 154, 156, ¶ 10 (2010). Mother fails to fully address the multiple contradictions in her representations and arguments, and although conflicting evidence exists, substantial evidence supports the superior court's ruling. *See In re Est. of Pouser*, 193 Ariz. 574, 580, ¶ 18 (1999). On this record, we discern no abuse of the superior court's considerable discretion.

## II. Mother's Claim of "Discrimination"

¶21 Mother also claims for the first time on appeal that the superior court "discriminated" against her. Mother provides no substantive basis for this claim, which she attributes to the court not fairly considering the evidence at trial and a "general [judicial] bias against female witnesses."

¶22 The superior court has great discretion over the control and management of the trial. *See Hales v. Pittman*, 118 Ariz. 305, 313 (1978). "We will not interfere in matters within the trial court's discretion unless we are persuaded that the exercise of such discretion resulted in a miscarriage of justice or deprived one of the litigants of a fair trial." *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 308, ¶ 31 (App. 2007) (brackets and citation omitted).

¶23 We begin our analysis with the presumption that the superior court judge is free of prejudice and bias. *State v. Ramsey*, 211 Ariz. 529, 541, ¶ 38 (App. 2005). To overcome this presumption, Mother must prove the court harbored "a hostile feeling or spirit of ill-will, or undue friendship or favoritism, towards one of the litigants." *State v. Cropper*, 205 Ariz. 181, 185, ¶ 22 (citation omitted), *supplemented by* 206 Ariz. 153 (2003). To prove this, Mother "must set forth a specific basis for the claim of partiality and prove

---

[7] In her reply brief, Mother misrepresents that the superior court did not allow any of her exhibits to be entered into evidence. The record indicates, however, that Mother offered no exhibits into evidence at the hearing. On the other hand, Father introduced several exhibits into evidence.

by a preponderance of the evidence that the judge is biased or prejudiced." *State v. Medina*, 193 Ariz. 504, 510, ¶ 11 (1999) (citations omitted).

**¶24** In this case, Mother has not rebutted the presumption of judicial impartiality, and nothing in the record substantiates Mother's unsupported claim of discrimination and/or bias. The October 28, 2019 hearing transcript supports our conclusion that Mother was afforded procedural due process, had counsel of her choosing, exercised the right to call and cross-examine witnesses, and had an impartial tribunal, whose brief discussion with counsel concerning res judicata at the hearing did not prejudice Mother. After reviewing the entire record presented, we conclude Mother had a fair trial and the superior court impartially considered the parties' positions.

### III. Costs and Attorneys' Fees on Appeal

**¶25** Both parties request costs and attorneys' fees on appeal. After considering the factors enumerated in Rule 39, Ariz. R. Prot. Order P., we deny both requests for attorneys' fees. We award Father taxable costs on appeal, upon compliance with Rule 21, ARCAP.

## CONCLUSION

**¶26** The superior court's order dismissing Mother's order of protection issued on September 10, 2019 is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA