690 P.2d 790

**Thomas R. BEARUP, an individual, Petitioner,**

v.

**The Honorable Edward C. VOSS, Judge of the Superior Court in and for Maricopa County, Respondent Judge,**

**Rose MOFFORD, Secretary of State of Arizona, Board of Supervisors of Maricopa County, David J. Nichol, Maricopa County Director of Elections, and Kirk L. Williams, an individual, Respondent Real Parties in Interest.**

**No. 1 CA–CIV 7867–SA.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 6, 1984.

Review Denied Nov. 14, 1984.

John S. Goff, Phoenix, for petitioner.

Robert K. Corbin, Atty. Gen. by John Shadegg, Asst. Atty. Gen., Phoenix, for real party in interest State.

Thomas C. Collins, Maricopa County Atty. by Christina Sargeant, Deputy County Atty., Phoenix, for real party in interest Maricopa County.

Ellis & Baker, P.C. by Robert S. Lynch, G. Roger Bock, Phoenix, for real party in interest Williams.

## OPINION

OGG, Judge.

In this special action we must decide whether petitioner, Thomas R. Bearup, is eligible to be a candidate for the Arizona State House of Representatives. Specifically, we must determine whether Article IV, Part 2, Section 2, of the Arizona Constitution requires that a candidate for the state legislature be a resident of the state for three years and the county from which he is to be elected for one year immediately preceding his election.

Petitioner was born in and resided in Arizona until 1975, when he moved to Alaska, where he resided until returning to Arizona in July, 1982. Since July, 1982, petitioner has continuously resided in Arizona.

On June 27, 1984, petitioner filed with the Secretary of State a candidate's affidavit of qualification indicating his candidacy for state representative in the Republican primary election to be held September 11, 1984, and if successful, in the general election to be held November 6, 1984. The affidavit affirmed that petitioner would be a citizen of Arizona "for 25 years next preceding" his election to office. Petitioner subsequently filed an amended affidavit affirming that he would be a citizen of Arizona "for 25 years preceding" his election.

On July 13, 1984, respondent, Kirk L. Williams, filed a complaint in Maricopa County Superior Court seeking to enjoin petitioner from pursuing his candidacy for election to the state legislature, as well as enjoining the Secretary of State, Board of Supervisors of Maricopa County, and the Maricopa County Director of Elections from printing petitioner's name on the election ballots.

Following a hearing, the trial court issued the injunction requested by respondent, thereby enjoining the printing of petitioner's name on the primary ballots. Petitioner then filed a petition for special action review of the trial court's order. Additionally, petitioner sought a stay of the trial court's order pending review of the residency issue by this court. Petitioner's application for a stay of proceedings was denied by this court by order dated July 23, 1984.

■ A candidate's name may be excluded from the primary ballot if the potential candidate cannot possibly meet the requisite constitutional or statutory qualifications by the time of the general election. *See Nicol v. Superior Court,* 106 Ariz. 208, 473 P.2d 455 (1970). Clearly, if Article IV, Part 2, Section 2, is read so as to require three years of residency immediately preceding the November 6, 1984 general election, petitioner cannot possibly meet the constitutional requirement and his name should be excluded from the ballots.

■ The proper method of challenging the inclusion of a candidate's name on election ballots is through an action for injunction. *Mandraes v. Hungerford,* 127 Ariz. 585, 623 P.2d 15 (1981). Respondent, an elector from the district from which petitioner seeks election, is a proper party to seek injunctive relief. *Cf.* A.R.S. §§ 16–351 and 16–672.

■ Pursuant to A.R.S. § 16–351, we have jurisdiction to review the trial court's action. *See Mandraes v. Hungerford, supra; State ex rel. Jones v. Lockhart,* 76 Ariz. 390, 265 P.2d 447 (1953).

Article IV, Part 2, Section 2, provides: No person shall be a member of the Legislature unless he shall be a citizen of the United States at the time of his election, nor unless he shall be at least twenty-five years of age, and shall have been a resident of Arizona *at least three years* and of the county from which he is elected at least one year *before his election.* (emphasis added)

Petitioner argues that the constitutional provision requires only that a person seeking legislative office be a resident of the state for at least a cumulative total of three years before his election. Thus, it would not require the candidate to be a resident for the three years immediately preceding his election. In support of his position, petitioner notes that Article V, Section 2, specifically provides that executive officers must be a resident of the state "for five years *next preceding* [their] election". (emphasis added). Additionally, Article VI, Section 6, provides that justices of the Supreme Court must be residents of the state "for ten years *next preceding* [their] taking office" (emphasis added). Thus, argues petitioner, the fact that the words "next preceding" are used in reference to executive and judicial officers and not in reference to legislative candidates evidences an intent that persons seeking legislative office need not be residents of

the state for three years immediately preceding election.

Petitioner cites the case of *Banks v. Arizona State Board of Pardons and Parole,* 129 Ariz. 199, 629 P.2d 1035 (App.1981), in asserting that where a term has been used in certain places and excluded in another place, courts will not read that term into the excluded section. However, a careful reading of the court's language in *Banks* renders it inapplicable to the case at bar:

> Where the legislature has specifically used a term *in certain places within a statute and excluded it in another place,* courts will not read that term into the excluded section. (emphasis added)

129 Ariz. at 203, 629 P.2d at 1039, *citing Dunlop v. First National Bank of Arizona,* 399 F.Supp. 855 (D.Ariz.1975). The term "next preceding" is found in separate articles of the Constitution.

We find the Supreme Court's holding in *Triano v. Massion,* 109 Ariz. 506, 513 P.2d 935 (1973), persuasive and dispositive. In *Triano,* the appellant sought election to the Tucson City Council. The City Charter provided that a candidate for the office of councilman must be a resident of Tucson "for not less than three years immediately prior to becoming a candidate" and, further on in the *same paragraph,* required that a candidate must have resided in his ward "at least one year prior" to becoming a candidate. The appellant argued that, although he had not lived in the ward from which he was seeking election for one year immediately prior to becoming a candidate, he satisfied the requirement because he had resided within the ward for more than a year approximately seven years earlier. The court held that the residency requirement withstood constitutional muster, noting that the State has a compelling interest in preventing frivolous and fraudulent candidacy by persons who have no previous exposure to the problems and desires of the electorate of a representative district. The court concluded that Triano's construction of the residency provision as requiring only that a candidate be a resident of the ward for any one-year period prior to becoming a

candidate would constitute "an unreasonable and constrained construction" of the charter provision. 109 Ariz. at 510, 513 P.2d at 939.

Petitioner argues that the *Triano* case is distinguishable from the case at bar in that the words "immediately prior" appear within the paragraph pertaining to residency requirements, whereas no such language is employed in Article IV, Part 2, Section 2. In our opinion, the distinction between the wording of the City Charter in *Triano* and the constitutional provision in the case at bar supports our holding that a candidate must be a resident of the state for three years immediately preceding his election. In *Triano,* the words "immediately prior" were used in reference to the city residency requirement; however, in addressing the requirement that a candidate be a resident of his respective ward for one year, the word "prior" is used. Thus, under the rule of construction set forth by petitioner, failure to utilize the words "immediately prior" would result in an interpretation contrary to that reached by the Supreme Court. *See Banks v. Arizona State Board of Pardons and Parole, supra.*

In our opinion, interpreting Article IV, Part 2, Section 2, as urged by petitioner would constitute an "unreasonable and strained construction", contrary to the intent of the drafters of the state Constitution.

Our decision requiring residency for three uninterrupted years prior to the election helps to assure that the candidate is adequately familiar with the political issues and the district he wishes to serve. *Triano v. Massion, supra.*

The judgment of the superior court is affirmed. Special action relief is denied.

FROEB, P.J., and BROOKS, J., concur.