SUPREME COURT OF ARIZONA
In Division

KRISTA PACION,                        ) Arizona Supreme Court
                                      ) No. CV-10-0179-AP/EL
            Plaintiff/Appellant,      )
                                      ) Maricopa County
                v.                    ) Superior Court
                                      ) Nos. CV2010-017916
BOB THOMAS; KENNETH BENNETT;          )      CV2010-017814
FULTON BROCK; DON STAPELY; ANDY       )     (Consolidated)
KUNASEK; MAX WILSON; MARY ROSE        )
WILCOX; and HELEN PURCELL,            )
                                      )
            Defendants/Appellees.     ) **O P I N I O N**
_____)
                                      )
SEAN BOWIE,                           )
                                      )
            Plaintiff/Appellant,      )
                                      )
                v.                    )
                                      )
JOHN HUPPENTHAL; KEN BENNETT, et      )
al.,                                  )
                                      )
            Defendants/Appellees.     )
                                      )
_____)


        Appeal from the Superior Court in Maricopa County
          The Honorable Robert H. Oberbillig, Judge

                        **AFFIRMED**
_____

Bob Thomas                                                Phoenix
In Propria Persona

PERKINS COIE BROWN & BAIN P.A.                            Phoenix
      By    Daniel C. Barr
            Rhonda L. Barnes
            Craig A. Morgan
            Jessica J. Berch
            Kirstin T. Eidenbach
Attorneys for Krista Pacion and Sean Bowie

SCHMITT SCHNECK SMYTH & HERROD, P.C.                        Phoenix
     By   Timothy J. Casey
          Drew Metcalf
Attorneys for John Huppenthal

BARBARA LAWALL, PIMA COUNTY ATTORNEY                        Tucson
     By   Daniel S. Jurkowitz, Deputy County Attorney
Attorneys for Ann Day, Ramon Valadez, Sharon Bronson,
Raymond J. Carroll, Richard Elias, and F. Ann Rodriguez
_____

**H U R W I T Z**, Vice Chief Justice

¶1      The issue in these consolidated cases is whether signatures obtained on nomination petitions before the formation of a candidate's campaign committee pursuant to A.R.S. § 16-903(A) (2006) must be stricken. We issued an order on June 28, 2010, affirming the judgment of the superior court with an opinion to follow. This is that opinion.

**I.**

¶2      John Huppenthal is a Republican candidate for Superintendent of Public Instruction. Bob Thomas is a Republican candidate for State Senator in Legislative District 15. Huppenthal and Thomas (the "Candidates") each submitted nominating petitions with the requisite number of signatures. Each collected all signatures after creating an exploratory committee in accordance with A.R.S. § 16-903(B) but before creating a campaign committee pursuant to § 16-903(A).

¶3      Separate special actions were filed in the superior court seeking to enjoin the placement of the Candidates' names

2

on the primary ballot. The plaintiffs' (collectively the "Contestants") only contention was that, by collecting signatures before forming a campaign committee, the Candidates had violated § 16-903(A). The Contestants conceded that the nominating petitions contained sufficient valid signatures to qualify the Candidates for the primary ballot.

¶4 The superior court consolidated the two special actions and denied relief. The judge found that the Candidates had violated § 16-903(A), but held that the disqualification of signatures on their nominating petitions was not the appropriate remedy. Rather, the court held that the sole consequence for such a violation was the civil penalty prescribed by A.R.S. §§ 16-903(G) and 16-924 (2006).

¶5 The Contestants appealed and Huppenthal cross-appealed. We have jurisdiction under A.R.S. § 16-351(A) (2006) and Article 6, Section 5(3) of the Arizona Constitution.

**II.**

**A.**

¶6 Title 16, Chapter 6, Arizona Revised Statutes (A.R.S. §§ 16-901 to 16-961), is entitled "Campaign Contributions and Expenses" and contains a comprehensive statutory scheme governing election campaign finance. Most relevant to today's inquiry are two provisions in Article 1 of Chapter 6 requiring formation of political committees by those making campaign

expenditures or receiving contributions, A.R.S. §§ 16-903(A) and (B).

¶7    A "candidate" is defined as "an individual who receives or gives consent for receipt of a contribution for his nomination for or election to any office in this state." A.R.S. § 16-901(2) (2006). A candidate is required to form a campaign committee "before making any expenditures, accepting any contributions, distributing any campaign literature or circulating any petitions." A.R.S. § 16-903(A). Section 16-903(B) requires an "individual" to form an exploratory committee "before making any expenditures, accepting any contributions or distributing any campaign literature." The term "individual" is not separately defined, but in context refers to a subset of persons who do not meet the statutory definition of a candidate.

¶8    The Contestants claim that circulating nominating petitions before the formation of a campaign committee violates § 16-903(A). The Candidates claim that, because it does not mention circulating petitions, § 16-903(B) does not proscribe such activity after formation of an exploratory committee by an individual who has not yet become a candidate.

¶9    We need not resolve this dispute today. We assume, without deciding, that the Contestants violated § 16-903(A) by circulating nominating petitions before forming campaign committees. But, like the superior court, we conclude that the

exclusive remedy for such a violation is the civil penalty provided in the campaign finance statutes.

**B.**

¶10    When the secretary of state "has reasonable cause to believe" that a candidate for statewide office or the legislature is violating "any provision of [Title 16, Chapter 6, Article 1]," he must "notify the attorney general."  A.R.S. § 16-924(A).  The attorney general then "may serve on the person an order requiring compliance with that provision."  *Id.*  The alleged violator has twenty days to comply with the order or request an administrative hearing.  *Id.*  Absent compliance or appeal, the attorney general "shall issue an order assessing a civil penalty of not more than one thousand dollars."  A.R.S. § 16-924(B).

¶11    In turn, § 16-903(G) provides:

> A person who violates this section [§ 16-903] is subject to a civil penalty imposed as prescribed in § 16-924 of up to three times the amount of money that has been received, expended or promised in violation of this section or up to three times the value in money for an equivalent of money or other things of value that have been received, expended or promised in violation of this section.

Chapter 6 contains no provision authorizing a court to strike signatures obtained before formation of a campaign committee. In contrast, A.R.S. § 19-114(B) (Supp. 2010), which governs initiatives and referenda, expressly provides that signatures

5

obtained "prior to the filing of the committee's statement of organization . . . are void and shall not be counted in determining the legal sufficiency of the petition."

¶12     Election contests "are purely statutory and dependent upon statutory provisions for their conduct." *Van Ardsell v. Shumway*, 165 Ariz. 289, 291, 798 P.2d 1298, 1300 (1990) (quoting *Donaghey v. Att'y Gen.*, 120 Ariz. 93, 95, 584 P.2d 557, 559 (1978)) (internal quotation marks omitted).  The legislature expressly chose in § 19-114(B) to disqualify signatures on initiative and referendum petitions obtained before formation of a political committee, yet provided only a civil penalty for violations of the campaign finance statutes governing candidates, including § 16-903(A).  We decline to infer a statutory remedy into the campaign finance statutes that the legislature eschewed.

¶13     Contestants argue that § 16-903(G) provides no protection against the misconduct alleged here because it calculates the penalty based on the amount of money or other value received or expended in violation of § 16-903, and premature circulation of nominating petitions may not involve any such receipt or expenditure.  This argument misconstrues the statutory scheme.  Section 16-903(G) simply allows the basic penalty applicable to all violations of Chapter 6, Article 1 under § 16-924(B) — "a civil penalty of not more than one

6

thousand dollars" — to be increased to three times the amount received or expended in violation of § 16-903. When there are no such receipts or expenditures, the basic penalty of up to one thousand dollars remains applicable.

## C.

¶14     Contestants also claim that A.R.S. § 16-351 authorizes injunctive relief against a candidate violating § 16-903(A). But no decision of this Court has so held, nor does any provision in § 16-351 so provide. Section 16-351(A) contemplates challenges to individual signatures on a nominating petition. Such challenges, however, typically attack qualifications of signators, *e.g.*, *Lubin v. Thomas*, 213 Ariz. 496, 497 ¶ 6, 144 P.3d 510, 511 (2006), the validity of the circulator's verification, *e.g.*, *Moreno v. Jones*, 213 Ariz. 94, 98 ¶ 22, 139 P.3d 612, 616 (2006), or the form of the petitions, *e.g.*, *Bee v. Day*, 218 Ariz. 505, 507-08 ¶¶ 11-14, 189 P.3d 1078, 1080-81 (2008). Section 16-351(A) is part of Title 16, Chapter 3, which governs "Nomination Procedures," and applies to "any court action challenging the nomination of a candidate as provided for in this chapter," not to alleged violations of the campaign finance laws in Chapter 6.

¶15     Nor does A.R.S. § 16-351(B) authorize the remedy sought by the Contestants. That statute allows an elector to "challenge a candidate for any reason relating to qualifications

for the office sought as prescribed by law, including age, residency or professional requirements." *Id.* Under that provision, a court may enjoin placement on the primary ballot of a candidate who does not meet the statutory or constitutional requirements for the office sought. *See, e.g.*, *Bearup v. Voss*, 142 Ariz. 489, 491, 690 P.2d 790, 792 (App. 1984); *see generally* Ariz. Const. art. 4, pt. 2, §§ 2, 4-5 (stating qualifications for legislative candidates); *id.* art. 5, § 2 (same for executive candidates); A.R.S. § 16-311(A) (2006) (requiring candidates to be qualified electors). It does not apply to alleged violation of campaign finance laws.

### D.

¶16    The Contestants contend that signatures collected before the formation of a campaign committee must be stricken to ensure candidates do not circumvent Arizona's "resign to run" law, under which an "incumbent of a salaried elective office" cannot "offer himself for nomination or election" to any other salaried office except "during the final year of the term being served." A.R.S. § 38-296(A) (2001). The Contestants argue that if incumbents are allowed to form an exploratory committee and circulate nominating petitions before the final year of their terms, the "resign to run" law will be rendered a nullity.

¶17    The argument fails. This is not an action seeking to oust an incumbent from public office, but rather an election

8

contest. *See* A.R.S. § 12-2041 (2003) (authorizing attorney general to bring action against any person unlawfully holding public office); Op. Pima County Att'y 09-02 (declining, after attorney general recused himself and assigned matter to Pima County Attorney, to institute action against Huppenthal for a violation of § 38-296).

¶18      In any event, nothing in our opinion today conflicts with § 38-296 or prevents its enforcement in an appropriate case. The legislature has expressly provided that "[a]n elected official is not deemed to have offered himself for nomination or election to an office . . . solely by his designation of a candidate campaign committee." A.R.S. § 16-903(F); *see also* Op. Ariz. Att'y Gen. I10-005 (opining that formation of an exploratory committee does not trigger obligation to resign from current office). Moreover, an incumbent is only "deemed to have offered himself for nomination . . . upon the *filing* of a nomination paper . . . or formal public declaration of candidacy for such office whichever occurs first." A.R.S. § 38-296(B) (emphasis added). There is thus little danger that our decision will encourage incumbents to form § 16-903(B) exploratory committees rather than § 16-903(A) campaign committees before circulating nominating petitions in order to avoid the strictures of § 38-296.

9

**III.**

¶19       For the reasons above, we affirm the judgment of the superior court.


_____
Andrew D. Hurwitz, Vice Chief Justice


CONCURRING:


_____
Michael D. Ryan, Justice


_____
A. John Pelander, Justice