IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| THE CITY OF SIERRA VISTA, ARIZONA, a municipal corporation, | ) ) ) | |
| Plaintiff/Appellee, | ) ) | 2 CA-CV 2011-0145 DEPARTMENT B |
| v. | ) ) | O P I N I O N |
| SIERRA VISTA WARDS SYSTEM VOTING PROJECT, a political committee, | ) ) ) ) | |
| Defendant/Appellant. | ) ) | |

APPEAL FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CV201100048

Honorable Ann R. Littrell, Judge

AFFIRMED IN PART; REVERSED IN PART AND REMANDED

Stuart L. Fauver, Sierra Vista City Attorney                    Sierra Vista
                                              Attorney for Plaintiff/Appellee

Grundy Law Firm, PLLC
  By Elvin G. Grundy III                                        Phoenix
                                              Attorney for Defendant/Appellant

V Á S Q U E Z, Presiding Judge.

¶1        Arizona's campaign finance laws require political committees, candidates for public office, and candidate exploratory committees to file periodic campaign finance reports disclosing contributions received and expenditures made during designated statutory reporting periods. A.R.S. § 16-913. This appeal arises from a civil action filed by the City of Sierra Vista to reduce to a monetary judgment late penalties and civil penalties it had assessed against the Sierra Vista Wards System Voting Project (the Project) and its treasurer after the Project failed to file campaign finance reports in connection with a 2010 ballot initiative. The Project challenges the trial court's grant of summary judgment in favor of the city, arguing the court erred by finding the Project had failed to timely request an administrative hearing to challenge the city's imposition of the penalties. For the reasons set forth below, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

**Factual Background and Procedural History**

¶2        We view the facts in the light most favorable to the party opposing the motion for summary judgment and construe all inferences in favor of that party. *Stein v. Sonus USA, Inc.*, 214 Ariz. 200, ¶ 2, 150 P.3d 773, 774 (App. 2007). The Project is a political committee formed to support a ballot initiative to change the method for electing members to the city council.[1] The Project's chairman is David Morgan and its treasurer is Michael Mulia.

_____

[1]Initiative Petition I-001-2010 was placed on the November 2, 2010 ballot and "proposed that every four years a single city councilman, residing in his district, be

¶3 On August 20, the city clerk sent notices to Morgan and Mulia[2] informing them that the Project was delinquent in filing a campaign finance report for the reporting period "commencing June 1, 2010 and ending August 4, 2010." The delinquency notice stated that a $10 per day late penalty was "already accumulating" and if the delinquency was not cured within fifteen days, a civil penalty of $25 per day would begin to accrue. Neither Morgan nor Mulia responded to the notice.

¶4 On September 8, the city attorney sent an Order Requiring Compliance to Mulia in his capacity as treasurer for the Project, stating:

> [Y]ou are required to file the Campaign Finance Report and pay the accrued penalties to the city within 20 days from the date of the issuance of this Order.
>
> Failure to do so will result in a civil penalty of not more than $1,000 in addition to the previously accrued penalties.

The compliance order further provided "you are entitled to request a hearing pursuant to Title 41, Chapter 6." Mulia did not respond.

¶5 On September 29, the city attorney issued an Order Assessing a Civil Penalty of $1,000 against Mulia. The order stated Mulia had the right to request an administrative hearing within thirty days from the date of its issuance. On October 22, within thirty days of the order, the Project requested a hearing "to determine the appropriateness of the [c]ity's determination to assess fines for alleged violations of

elected [to the city council from] each of six voting districts," rather than by an "at large" election.

[2]The notice also provided: "According to our records, you are the candidate or designating individual responsible for that political committee, the chairman or treasurer."

Arizona campaign finance reporting laws considering both the amounts assessed and enforcement not in keeping with past custom and practice." By letter dated October 29, the city denied the Project's request for a hearing, stating the request had been untimely.

¶6        The city then filed this action in Cochise County Superior Court against the Project and Mulia, seeking to "convert statutory penalties to a money judgment." The city moved for summary judgment, contending the defendants had failed to "exhaust their administrative remedies" to challenge the imposition of the penalties. The trial court granted the motion and entered judgment against the Project "in the amount of $7,075 for its accumulated penalties as of May 26, 2011," and against Mulia "in the amount of $1,000," together with interest thereon at a rate of ten percent per annum. This appeal followed.[3] We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and 12-2101.

---

[3]The Project filed a Motion for Relief from Judgment pursuant to Rule 60(c), Ariz. R. Civ. P., and a Notice of Appeal on the same day. At a hearing on the Project's Rule 60(c) and other motions, the trial court asked the parties "whether [it] has any jurisdiction to even consider [the Rule 60(c) motion] as long as there is an appeal pending." Both parties suggested the court retained jurisdiction to address the post-judgment issues that had been raised. Despite expressing reluctance to do so, the court heard argument on the motion and denied the relief sought by the Project. The court concluded its jurisdiction was not an issue because it merely was denying relief and "just keeping the status quo, based on what [it had] already ordered." That determination was in error. The court lacked jurisdiction to consider the motion because the Project had not requested and obtained a stay or dismissal of the pending appeal. *See Budreau v. Budreau*, 134 Ariz. 539, 541, 658 P.2d 192, 194 (App. 1982); *In re Condry's Estate*, 117 Ariz. 566, 568, 574 P.2d 54, 56 (App. 1977); *see also* Ariz. R. Civ. App. P. 26. But, because the Project does not assign error relating to the court's denial of its request for Rule 60(c) relief, we need not address this issue further.

4

**Discussion**

**¶7**        The Project claims there are disputed issues of material fact "surrounding [its] request for an administrative hearing, pursuant to A.R.S. § 16-924." It therefore argues the trial court erred in granting summary judgment. Specifically, it contends the court erred in finding that it had failed to request an administrative appeal of the order assessing a civil penalty in a timely manner.

**¶8**        Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(c)(1). We determine de novo whether summary judgment was appropriate and apply the same standard a trial court uses in ruling on the motion. *Modular Mining Sys., Inc. v. Jigsaw Techs., Inc.*, 221 Ariz. 515, ¶ 9, 212 P.3d 853, 856 (App. 2009). We also review de novo "'questions of law, including matters of statutory interpretation.'" *Robson Ranch Mountains, L.L.C. v. Pinal Cnty.*, 203 Ariz. 120, ¶ 13, 51 P.3d 342, 347 (App. 2002), *quoting In re $26,980.00 U.S. Currency*, 193 Ariz. 427, ¶ 5, 973 P.2d 1184, 1186 (App. 1998).

**¶9**        Title 16, chapter 6, A.R.S., "is entitled 'Campaign Contributions and Expenses' and contains a comprehensive statutory scheme governing election campaign finance." *Pacion v. Thomas*, 225 Ariz. 168, ¶ 6, 236 P.3d 395, 396 (2010). At issue here are the campaign finance reporting requirements contained in A.R.S. § 16-913 and the provisions in A.R.S. §§ 16-918 and 16-924 relating to the reporting enforcement process

5

and penalties as applied to the Project as a "political committee." *See* A.R.S. § 16-901(19) (defining political committee for purposes of title 16).

¶10 "Each political committee that intends to accept contributions or make expenditures of more than five hundred dollars shall file a statement of organization with the filing officer." A.R.S. § 16-902.01(A). And, § 16-913(A) provides that such committees periodically "shall file campaign finance reports . . . setting forth the committee's receipts and disbursements."[4] The city clerk is the filing officer for statements and finance reports filed by political committees supporting "a city or town initiative or referendum or any measure or proposition appearing on a city or town election ballot." A.R.S. § 16-916(A)(3).

¶11 If a political committee fails to file a finance report timely, the city clerk must send the committee a written notice of the delinquency explaining with "reasonable particularity the nature of the failure and a statement of the penalties provided in this section." § 16-918(A). The applicable penalties include a "late penalty of ten dollars for each business day after failure to make or file a campaign finance report . . . up to a maximum of four hundred fifty dollars." § 16-918(B).

¶12 In addition to sending the delinquency notice to the committee, the city clerk also must notify the city attorney if the clerk has "reasonable cause to believe that a

---

[4]The Project does not dispute that it is a "political committee" as defined by § 16-901(19), or that it was required to file periodic campaign finance reports pursuant to § 16-913. In a regular election year, such as 2010, a political committee is required to file "[a] report covering the period beginning January 1 through May 31, filed no later than June 30"; "a preelection report"; and a "postelection report." § 16-913(B).

6

person is violating any provision" of title 16, chapter 6, article 1. § 16-924(A). The city attorney then "may serve on the person an order requiring compliance with that provision." *Id.* "The alleged violator has twenty days from the date of the city attorney's issuance of the compliance order to [either comply or] request a hearing pursuant to title 41, chapter 6." *Id.* The committee may comply, and thus cure the delinquency, by filing a campaign finance report and paying the "late penalty" that has accrued up to a maximum of $450. *See* § 16-918(B) ("The filing officer shall not accept a campaign report unless any penalties owed as a result of this section or any penalties imposed pursuant to section 16-924 are paid with the report."). Alternatively, the committee may request a hearing to challenge the clerk's notice of delinquency and the late penalty assessed pursuant to that notice. *See* § 16-924(A).

¶13        In addition to the "late penalty" authorized by § 16-918(B), § 16-918(C) authorizes a "civil penalty." If the committee has failed to file the report within fifteen days after receiving a notice of delinquency from the city clerk, the committee is liable for a civil penalty of $25 per day for each subsequent day the filing is late, assessed pursuant to § 16-924. Section 16-924(B) provides in pertinent part:

> If a person fails to take corrective action within the time specified in the compliance order issued pursuant to subsection A, the [city attorney] shall issue an order assessing a civil penalty of not more than one thousand dollars. The person alleged to have violated the compliance order has thirty days from the date of issuance of the order assessing the civil penalty to request a hearing pursuant to title 41, chapter 6.

¶14 With this background, we consider whether the Project made a timely request for an administrative hearing to challenge the civil penalties imposed by the city.[5] In making that determination, we also address the nature of the penalties imposed and the manner in which they were assessed. "When construing statutes, our foremost goal is to effectuate the legislature's intent." *State v. Huskie*, 202 Ariz. 283, ¶ 5, 44 P.3d 161, 163 (App. 2002). "If the statutory language is clear and unambiguous, we look no further" and apply it as written. *Robson Ranch*, 203 Ariz. 120, ¶ 13, 51 P.3d at 347. We seek to harmonize related statutes and "'aim to achieve consistency among them.'" *Id.*, *quoting Bills v. Ariz. Prop. & Cas. Ins. Guar. Fund*, 194 Ariz. 488, ¶ 18, 984 P.2d 574, 580 (App. 1999).

¶15 Here, the city maintains that because the Project failed to request an administrative hearing within twenty days of the order requiring compliance, it forfeited the right to an administrative hearing to challenge the $25 per day civil penalty. The city contends the Project's later request, in response to the city attorney's order assessing a $1,000 civil penalty, was untimely because that penalty applied only to Mulia as treasurer

---

[5]The Project apparently does not challenge the City's imposition of the "late penalty" pursuant to § 16-918(B), which authorizes a "late penalty of ten dollars for each business day after failure to make or file a campaign finance report . . . up to a maximum of four hundred fifty dollars." And, because the Project failed to timely challenge the late penalty authorized by § 16-918(B), the court properly granted summary judgment as to that penalty. Our discussion therefore relates only to the civil penalty authorized under § 16-918(C) and assessed pursuant to § 16-924, and its relation to the civil penalty authorized by § 16-924(B).

and not to the Project.[6]  The city's position is based on its contention that the statutes authorize the imposition of separate civil penalties—a penalty of $25 per day assessed against the Project under § 16-918, and a "separate penalty" "of not more than one thousand dollars" assessed against the treasurer individually under § 16-924.  The trial court apparently agreed with the city and entered judgment against the Project in the amount of $7,075 for accumulated fees and penalties and against Mulia in the amount of $1,000.  However, the city and the court have misapplied the statutes.

¶16        The civil penalty of not more than $1,000 under § 16-924(B) is "the basic penalty applicable to all violations of Chapter 6, Article 1." *Pacion*, 225 Ariz. 168, ¶ 13, 236 P.3d at 397.  But, § 16-924(A) expressly provides that the basic penalty applies "[u]nless another penalty is specifically prescribed."  Here, § 16-918(C) prescribes another civil penalty for a committee's failure to file a finance report—$25 per day "assessed pursuant to [§] 16-924."  Section 16-924 therefore does not authorize a separate penalty in this case.  Rather, the plain language of § 16-918(C) and § 16-924(B), when read together, demonstrate a legislative intent to impose only one civil penalty.  The city and the trial court therefore erred in concluding the city was authorized to impose separate civil penalties under §§ 16-918(C) and 16-924(B).

---

[6]Although Mulia initially was designated as an appellant in this case, he subsequently filed an affidavit in the trial court stating, "I am not a party to the appeal," and he was not listed as an appellant in the amended notice of appeal filed by the Project. And, contrary to the Project's assertion, Mulia's subsequent notice of appearance filed in this court was not sufficient.  Thus, Mulia is not a party to this appeal.

¶17 The city nevertheless argues § 16-924(B) must authorize a separate civil penalty, otherwise the administrative hearing provision in § 16-924(A) would be duplicative of that contained in § 16-924(B). The city contends the twenty-day time frame for requesting an administrative hearing following a compliance order applies both to the "late penalty" under § 16-918(A) and the "civil penalty" under § 16-918(B). The city describes the two penalties as "the per diem penalties." And having grouped them together in this manner, the city maintains the thirty-day period to request a hearing after the issuance of an order assessing a civil penalty cannot apply to the civil penalty under § 16-918(C) because that would give the committee two opportunities to challenge the imposition of that penalty. We reject this argument.

¶18 Section 16-924(A) provides that after the city attorney serves an order of compliance, "[t]he alleged violator has twenty days from the date of the issuance of the order to request a hearing pursuant to title 41, chapter 6." In relation to the penalties involved, that provision applies to a request for an administrative hearing to challenge a "late penalty" under § 16-918(B). Section 16-924(B) similarly states that "[t]he person alleged to have violated the compliance order has thirty days from the date of issuance of the order assessing the civil penalty to request a hearing pursuant" to the same title and chapter. But having determined that the statutes do not authorize the imposition of separate civil penalties, we further conclude that § 16-924(B) therefore applies to a request for a hearing to challenge a "civil penalty" under § 16-918(C). Thus, contrary to the city's argument, the statutory scheme permits only one administrative hearing to

10

challenge that civil penalty. Because the Project requested an administrative hearing within thirty days of the order imposing a civil penalty, the trial court erred in finding its request untimely.

¶19 But the city suggests that, because § 16-924(B) refers to a "person," the civil penalty cannot be assessed against a political committee like the Project. And, citing § 16-918(D) and (E), the city points out "[t]he person required to file is, of course, the treasurer." Although we agree a political committee's treasurer is responsible for making and filing finance reports for the committee, we cannot agree he or she is liable for a civil penalty. Section 16-913 plainly provides "[a] political committee . . . who violate[s] this section [is] subject to the penalty prescribed in [§] 16-918." And § 16-918(C) similarly states "[a] political committee . . . that has failed to file within fifteen days . . . is liable for a civil penalty."[7] However, that same provision expressly imposes liability on certain

---

[7]We find additional support for our conclusion in the historical background of § 16-918. "[I]f the statutory language is ambiguous, we consider other factors, including 'the statute's context, subject matter, historical background, effects, consequences, spirit, and purpose.'" *Huskie*, 202 Ariz. 283, ¶ 5, 44 P.3d at 163, *quoting Hobson v. Mid-Century Ins. Co.*, 199 Ariz. 525, ¶ 8, 19 P.3d 1241, 1245 (App. 2001). After being repealed in 1996, § 16-918(H) was reintroduced in 1997 and initially included the following language:

> The late fees and civil penalties imposed by this chapter shall not be paid from political committee monies. In the case of an exploratory committee, the designating individual is liable for late fees and civil penalties. In the case of a candidate's campaign committee, the candidate is liable for late fees and civil penalties. In the case of all other political committees, the chairman and the treasurer are jointly and severally liable for late fees and civil penalties.

11

individuals and not upon the committees where other types of committees are involved. *See* § 16-918(C) (placing liability on "the candidate" in the case of a candidate's campaign committee, and on "the designating individual" in the case of an exploratory committee). We decline to interpret the statute to place personal liability on the Project's treasurer when the plain language of § 16-918 does not so provide. "'It is a universal rule that courts will not enlarge, stretch, expand, or extend a statute to matters not falling within its express provisions.'" *In re Martin M.*, 223 Ariz. 244, ¶ 7, 221 P.3d 1058, 1060 (App. 2009), *quoting Antonio P. v. Ariz. Dep't of Econ. Sec.*, 218 Ariz. 402, ¶ 13, 187 P.3d 1115, 1118 (App. 2008). Because the city should have issued the order assessing the civil penalty to the Project and not Mulia individually, the trial court erred in granting summary judgment in favor of the city.

¶20        The Project argues the civil "penalties were improperly assessed in excess of statutory authority." Quoting § 16-918(C), it contends that, because the penalty "'shall be assessed pursuant to § 16-924,'" it cannot exceed $1,000 and "the trial court erred in converting civil penalties [exceeding that amount] into money judgments."[8] The city

---

S.B. 1237, 43d Leg., 1st Reg. Sess. (1997). The omission of this language from the enacted legislation reinforces our view that the legislature did not intend for officers or other individuals associated with political committees to be liable personally for civil penalties under § 16-918(C).

[8]The city asserts that the Project "first raised the argument pertaining to the 'cap' on the twenty-five dollar ($25.00) per day penalty and that the personal judgment against Treasurer Mulia was not proper" in its motion for post-judgment relief. Our review of the record discloses that the Project and Mulia challenged the city's calculation of the penalties in their response to the city's motion for summary judgment. But, even assuming the arguments had not been raised sufficiently, we may exercise our discretion

acknowledges § 16-918(C)'s reference to § 16-924, but argues it applies only to the enforcement procedures in § 16-924. We do not agree with the city's narrow interpretation. The term "assessed" as used in § 16-918(C) is not defined in the statutes. And, because it does not appear the legislature intended otherwise, we interpret the term according to its common meaning. *See Riepe v. Riepe*, 208 Ariz. 90, ¶ 52, 91 P.3d 312, 325 (App. 2004) (applying dictionary definition where term not defined by statute). The word "assess" is defined as: to determine the amount of, or to impose according to an established rate. *Webster's Ninth New Collegiate Dictionary* 109 (1983).

¶21        Section 16-924 demonstrates a legislative intent to cap civil penalties authorized by title 16, chapter 6, article 1, at $1,000 unless otherwise provided. Title 16 contains various reporting requirements, and other statutory sections expressly impose civil penalties that exceed the basic penalty cap of "not more than one thousand dollars." *See* § 16-924(B) (basic penalty); A.R.S. §§ 16-903(H), 16-914.01(D) (authorizing civil penalty as prescribed in § 16-924 of up to three times the amount of money improperly received or reported); *see also* 1999 Op. Ariz. Att'y Gen. I99-009 (concluding $25 per day civil penalty provided for in § 16-918(C) capped at $1,000). We therefore conclude the $25 per day civil penalty authorized in § 16-918(C) is capped at $1,000 pursuant to § 16-924(B).

---

to consider such issues where the facts are fully developed and the issues involve purely questions of law. *State ex rel. Horne v. Campos*, 226 Ariz. 424, n.5, 250 P.3d 201, 205 n.5 (App. 2011). We also exercise our discretion to consider these issues because "the question[s raised are] of statewide public importance." *Id.*, *quoting Aldrich & Steinberger v. Martin*, 172 Ariz. 445, 447, 837 P.2d 1180, 1182 (App. 1992).

**¶22** In sum, although title 16, chapter 6 is not a model of legislative clarity, we conclude the legislature did not intend to impose two civil penalties, one against a political committee and the other against its treasurer, for a single failure to file a finance report. The civil penalty authorized under § 16-918(C) is imposed against the political committee and not the committee's treasurer and is capped at $1,000 pursuant to § 16-924. We further conclude the Project timely requested an administrative hearing to challenge the imposition of the civil penalty under § 16-918(C) and the trial court erred in concluding otherwise.[9]

**¶23** Last, the Project argues the trial court's order "deprived [it] of property" without due process of law, and the campaign finance reporting requirements in title 16 unconstitutionally infringe on its "core political speech" grounded in the United States Constitution. But because we have decided this case on statutory grounds, we do not reach the constitutional issues raised by the Project. *See Fragoso v. Fell*, 210 Ariz. 427, ¶ 6, 111 P.3d 1027, 1030 (App. 2005) (courts should avoid deciding constitutional issues when other principles of law are controlling and determinative); *Moulton v. Napolitano*, 205 Ariz. 506, ¶ 22, 73 P.3d 637, 645 (App. 2003) (noting "traditional and proper

---

[9]We construe the statutes in this manner based on the language used by the legislature and our effort to harmonize § 16-918 with § 16-924. If the legislature intended a different meaning, we presume it will make appropriate changes to the statutory language. *See Helvetica Servicing, Inc. v. Pasquan*, 630 Ariz. Adv. Rep. 4, ¶ 37 (Ct. App. Mar. 20, 2012) ("If the legislature disagrees with our resolution of this admittedly murky issue, we presume it will amend the existing statutory scheme to make clear its intentions.").

reluctance to reach constitutional issues unless absolutely necessary" and preference for resolution through administrative proceeding).

**Disposition**

¶24      For the reasons set forth above, the trial court's grant of summary judgment in favor of the city is affirmed in part and reversed in part. We remand for proceedings consistent with this opinion.

/s/ *Garye L. Vásquez*
GARYE L. VÁSQUEZ, Presiding Judge

CONCURRING:

/s/ *Virginia C. Kelly*
VIRGINIA C. KELLY, Judge

/s/ *Philip G. Espinosa*
PHILIP G. ESPINOSA, Judge

15