SUPREME COURT OF ARIZONA

MATTHEW WAKELY,

                Plaintiff/Appellee,

v.

TODD HOWARD, et al.,

                Defendants/Appellants.

)  Arizona Supreme Court
)  No. CV-22-0110-AP/EL
)
)  Maricopa County
)  Superior Court
)  No. CV2022-004817
)
)  **FILED 5/9/2022**
)
)

**DECISION ORDER**

The Court, by a panel consisting of Chief Justice Brutinel, Justice Lopez, Justice Beene, and Justice King, has considered the parties' briefs, the record, the trial court's minute entry order, and the relevant statutes and case law in this expedited election matter.

In 2022, Appellant Todd Howard timely submitted nomination petition signatures to appear on the Republican primary ballot for the office of State Senator in Arizona Legislative District 8.

On April 18, 2022, Appellee Matthew Wakely filed a Verified Complaint for Special Action/Injunctive Relief challenging the number of signatures submitted by Mr. Howard as insufficient and disputing Mr. Howard's eligibility to serve in the Legislature under Ariz. Const. Art. IV, Part 2, Section 2

("No person shall be a member of the Legislature unless he... shall have been a resident of Arizona at least three years and of the county from which he is elected at least one year before his election."). On April 22, 2022 Mr. Wakely filed an Application for Order to Show Cause and for Preliminary and Permanent Injunctive Relief.

On April 22, 2022, Mr. Howard filed a Motion to Dismiss the Verified Complaint for Special Action/Injunctive Relief and Application for Order to Show Cause and for Preliminary and Permanent Injunctive Relief.

On April 25, 2022, the Superior Court conducted an evidentiary hearing on the Complaint for Special Action/Injunctive Relief. After considering the evidence, pleadings, and testimony and taking the matter under advisement, the Superior Court entered its Findings of Fact, Conclusions of Law and Order. It found that Mr. Howard needed a minimum of 449 valid signatures, and that he had successfully submitted 485 valid signatures.

However, it also found that Mr. Howard will not have been a resident of Arizona for three consecutive years immediately preceding the November 2022 Election because he was a resident of Maryland as of October 2020 when he voted in that state in the 2020 General Election. Therefore, Mr. Howard was ineligible to serve in the Arizona Legislature under Ariz. Const. Art. IV,

Part 2, Section 2. See *Bearup v. Voss*, 142 Ariz. 489 (App. 1984).

The Superior Court granted the requested injunctive relief, enjoining the Arizona Secretary of State, Recorders and Board of Supervisors of Maricopa County from printing the name of Todd Howard on the ballot for the Republican nomination for State Senate for Legislative District 8. Mr. Howard's Motion to Dismiss and request for taxable costs under A.R.S. § 12-1840 were denied. Mr. Howard appealed.

The Court has considered the briefs and authorities in this appeal and agrees with the Superior Court that Mr. Howard does not meet the residency requirement.

**IT IS ORDERED** affirming the trial court decision. The trial court's factual findings concerning Mr. Howard's residency are not clearly erroneous, nor are they disputed. The trial court found that Mr. Howard was a registered voter in the State of Maryland and voted in Maryland in the General Election in October 2020 and therefore could not have been a resident of Arizona as of that date. Viewed in the light most favorable to upholding the court's decision, the record supports those findings, and we must accept them. Ariz. R. Civ. P. 52(a)(6). Moreover, Mr. Howard's brief acknowledges that, "[d]espite his 37 years of citizenship in Arizona Howard was a resident of Maryland in 2020 through as recently as October 2021."

We have no basis for overturning the trial court's ruling unless it is legally incorrect, an issue we review de novo. *See City of Phoenix v. Glenayre Electronics, Inc.*, 242 Ariz. 139, 142 ¶ 9 (2017) (we review legal issues de novo).

Reviewing this legal issue of constitutional interpretation de novo, the Court declines to revisit the holding of *Bearup v. Voss, supra,* that Ariz. Const. Art. IV, Part 2, Section 2 requires an Arizona legislator to have been a resident of Arizona for three *consecutive* years *immediately* prior to the election in question. Mr. Howard's contentions are the same as were addressed in *Bearup*, 142 Ariz. at 490-491. They were rejected in a well-considered analysis as follows:

> We find the Supreme Court's holding in *Triano v. Massion,* 109 Ariz. 506, 513 P.2d 935 (1973), persuasive and dispositive. In *Triano,* the appellant sought election to the Tucson City Council. The City Charter provided that a candidate for the office of councilman must be a resident of Tucson "for not less than three years immediately prior to becoming a candidate" and, further on in the *same paragraph,* required that a candidate must have resided in his ward "at least one year prior" to becoming a candidate. The appellant argued that, although he had not lived in the ward from which he was seeking election for one year immediately prior to becoming a candidate, he satisfied the requirement because he had resided within the ward for more than a year approximately seven years earlier. The court held that the residency requirement withstood constitutional muster, noting that the State has a compelling interest in preventing frivolous and fraudulent candidacy by persons who have no previous exposure to the problems and desires of the electorate of a representative district. The court concluded that Triano's construction of the residency provision as requiring only that a candidate be a resident of the

ward for any one-year period prior to becoming a candidate would constitute "an unreasonable and constrained construction" of the charter provision. 109 Ariz. at 510, 513 P.2d at 939.

*Bearup*, 142 Ariz. at 491 (emphasis in original).

We find the above analysis even more compelling in this case, where the three-year requirement of residency within the State is found in the same provision as the one-year requirement of residency within the county. Construction of the three-year requirement of residency within the State as appellant urges would necessitate a construction of the one-year requirement of residency within the County as merely requiring residency within the county for one year *at any time in the past*. This Court has already rejected that construction as "unreasonable", and we do so here. Therefore, after consideration,

**IT IS FURTHER ORDERED** that the Arizona Secretary of State and the Recorders and Board of Supervisors of Maricopa County are enjoined from printing the name of Todd Howard on the ballot for the Republican nomination for State Senate for Legislative District 8 for the August 2022 primary election.

DATED this ___9th___ day of May, 2022.


_____/s/_____
ROBERT BRUTINEL
Chief Justice

TO:


Timothy A LaSota
Jonathan Simon
Joseph Eugene La Rue
Joshua David Rothenberg Bendor
Hon. Peter A Thompson
Hon. Jeff Fine
Alberto Rodriguez
Alicia Moffatt
Todd Howard
John S. Bullock
Amy B Chan
Noah Gabrielsen